United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Alicia A. Gerstlauer  
    Debtor

Case No. 16-17245-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi    Page 1 of 1    Date Rcvd: Jan 23, 2018  
                Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 25, 2018.
db          +Alicia A. Gerstlauer,    219 Hillcrest Ave.,    Croydon, PA 19021-5422

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2018                                       Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 23, 2018 at the address(es) listed below:

         JON M. ADELSTEIN    on behalf of Debtor Alicia A. Gerstlauer jadelstein@adelsteinkaliner.com,
          jsbamford@adelsteinkaliner.com
         JON M. ADELSTEIN    on behalf of Plaintiff Alicia A. Gerstlauer jadelstein@adelsteinkaliner.com,
          jsbamford@adelsteinkaliner.com
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. Bank, National Association, as Trustee for
          the Bear Stearns Asset Backed Securities Trust 2004-HE2, Asset-Backed Certificates, Series
          2004-HE2 bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
         KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank, National Association, as Trustee for the
          Bear Stearns Asset Backed Securities Trust 2004-HE2, Asset-Backed Certificates, Series 2004-HE2
          KMcDonald@blankrome.com
         MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank, National Association, as Trustee for
          the Bear Stearns Asset Backed Securities Trust 2004-HE2, Asset-Backed Certificates, Series
          2004-HE2 bkgroup@kmllawgroup.com
         THOMAS I. PULEO    on behalf of Creditor    U.S. Bank, National Association, as Trustee for the
          Bear Stearns Asset Backed Securities Trust 2004-HE2, Asset-Backed Certificates, Series 2004-HE2
          tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com
         United States Trustee      USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                     TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alicia A. Gerstlauer a/k/a Alicia Wolf <br>     Debtor | CHAPTER 13 |
| U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2004-HE2, Asset-Backed Certificates, Series 2004-HE2 <br>     Movant <br> vs. | NO. 16-17245 MDC |
| Alicia A. Gerstlauer a/k/a Alicia Wolf <br>     Debtor | 11 U.S.C. Sections 362 and 1301 |
| John M. Gerstlauer <br>     Co-Debtor | |
| William C. Miller <br>     Trustee | |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is **$5,534.06,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2017 to November 2017 at $1,561.60/month |
| | December 2017 to January 2018 ay $1,561.56/month |
| Less Suspense Balance: | $712.26 |
| **Total Post-Petition Arrears** | **$5,534.06** |

2. The Debtor(s) shall cure the aforesaid arrearage while maintaining ongoing post-petition contractual mortgage payments, in the following manner:

    a). Beginning on February 1, 2018 and continuing through July 31, 2018, until the arrearage is cured, Debtor(s) shall maintain, and pay when due, the present post-petition contractual monthly payment of **$1,561.56** on the mortgage (or as adjusted pursuant to the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month), plus Debtor(s) shall

pay an installment payment towards the arrearage on or before the last day of each month in the amount of $922.34 for the months of February 2017 through June 2018 and $922.36 for the month of July 2018;

    b). Debtor(s) shall maintain, and pay when due, the regular post-petition contractual monthly mortgage payments thereafter;

    c). The current payment address for the mailing of payments is as follows:

> Select Portfolio Servicing, Inc.
> Attn: Remittance Processing, P.O. Box 65450
> Salt Lake City, UT 84165-0450

  3. Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

  4. In the event that the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting relief from the automatic stay and codebtor stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the Court, upon which the Court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 8, 2018

By: /s/ Kevin G. McDonald, Esquire

KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 1/11/18

Jon M. Adelstein, Esq.
Attorney for Debtors

*No Objection: [signature] TRUSTEE*
*without prejudice to any trustee rights or remedies*

Approved by the Court this 23rd day of January, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman